UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-303-FDW
(3:01-cr-93-FDW-1)

| | |
|---|---|
| WILLIAM BERRY COLEMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), on Petitioner's Supplemental Motion to Vacate, (Doc. No. 5), and on the Government's Response to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence.

I. BACKGROUND

Petitioner William Barry Coleman was indicted by a grand jury in the Western District of North Carolina and charged with possession with intent to distribute crack cocaine and aiding and abetting the same, in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2; possession of a firearm during and in relation to a drug-trafficking crime, in violation of 18 U.S.C. § 924(c)(1); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). (Case No. 3:01-cr-93, Doc. No. 1: Indictment). The Government subsequently filed an Information in accordance with 21 U.S.C. § 851, indicating that the Government intended to rely on Petitioner's prior conviction for a drug-trafficking offense to seek enhanced penalties under the Controlled

Substances Act. (Id., Doc. No. 9: Information Pursuant to 21 U.S.C. § 851). When Petitioner was arrested, he had previously been convicted in Mecklenburg County Superior Court, North Carolina, of possession with intent to sell or deliver cocaine, a Class H felony, for which he received a sentence of six to eight months in prison. (Id., Doc. No. 1-1: Judgment).

Petitioner ultimately entered into a plea agreement with the Government, in which he agreed to plead guilty to possession with intent to distribute crack cocaine and possession of a firearm in furtherance of a drug-trafficking crime. (Case No. 3:01-cr-93, Doc. No. 12: Plea Agreement). In exchange, the Government agreed to dismiss the felon-in-possession charge. (Id.). Petitioner pled guilty in accordance with the plea agreement before the U.S. magistrate judge, who accepted the plea as knowingly and voluntarily made. (Id., Doc. No. 13: Entry and Acceptance of Guilty Plea).

Before Petitioner's sentencing hearing, the probation officer submitted a presentence report ("PSR"). (Id., Doc. No. 6: PSR). In the PSR, the probation officer calculated a total offense level of 23 and a criminal history category of III, yielding a preliminary applicable Guidelines range of 57 to 71 months imprisonment on the drug count, to be followed by a consecutive term of 60 months for the firearm count. (Id., Doc. No. 6 at 11: PSR). Furthermore, the probation officer noted that Petitioner faced a statutory mandatory minimum term of 120 months imprisonment for the drug count in light of the Government's § 851 notice. (Id.).

On July 23, 2003, the Court sentenced Petitioner to 120 months imprisonment, to be followed by 60 months on the firearm count, for a total of 180 months imprisonment. (Id., Doc. No. 29: Judgment). The Fourth Circuit Court of Appeals subsequently affirmed this Court's judgment, issuing its mandate on December 10, 2004. See (Id., Doc. Nos. 36; 37).

On May 11, 2012, Petitioner filed the instant motion to vacate, set aside, or correct sentence, which he later supplemented through counsel on December 12, 2012.[1] (Doc. No. 5).

## II. STANDARD OF REVIEW

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings" in order to determine whether a petitioner is entitled to any relief. If a petitioner's motion is not dismissed after this initial review, the Court must direct the Government to respond. Id. The Court must then review the Government's answer and motion for summary judgment and any materials submitted by the parties to determine whether an evidentiary hearing is warranted under Rule 8(a). The Court has considered the record in this matter and applicable authority and concludes that this matter can be resolved without an evidentiary hearing. See Raines v. United States, 423 F.2d 526, 529 (4th Cir. 1970).

## III. DISCUSSION

Section 851 of Title 21 provides for enhanced sentences based on any prior "felony drug offense." 21 U.S.C. § 851. That term is defined in Section 802(44) as "an offense that is punishable by imprisonment for more than one year under [any state or federal law relating to narcotics or marijuana]." In Simmons, the Fourth Circuit held than an offense qualifies as a "felony drug offense" for purposes of Section 841(b)(1) and is punishable by more than one year in prison only if the defendant could have received a sentence of more than one year in prison, overturning its earlier decisions in United States v. Jones, 195 F.3d 205 (4th Cir. 1999), and United States v. Harp, 406 F.3d 242 (4th Cir. 2005), in which the Fourth Circuit held that an

---

[1] Petitioner delivered the motion to vacate to the prison mail system on May 10, 2012. See (Doc. No. 1-2).

offense is punishable by more than one year in prison as long as any defendant could receive a term of imprisonment of more than one year upon conviction for that offense. Thus, for purposes of a qualifying predicate conviction under Section 841(b)(1), a prior conviction is not "punishable for a term exceeding one year" unless the defendant could have received a sentence of more than one year in prison under the North Carolina Structured Sentencing Act.

As Respondent notes, this Court enhanced Petitioner's sentence based on his prior conviction for possession with intent to sell or deliver cocaine. Under the North Carolina Structured Sentencing Act, Petitioner could not have received more than one year in prison based on this conviction. Respondent notes that, although Jones and Harp were still good law when this Court sentenced Petitioner, Simmons has clarified that Petitioner's prior conviction for felony possession with intent to sell or deliver cocaine does not qualify as a "felony drug offense" because it was not punishable by more than one year in prison. The Court further notes that the Fourth Circuit Court of Appeals recently held that Simmons is retroactive to cases on collateral review. See Miller v. United States, No. 13-6254, 2013 WL 4441547 (4th Cir. 2013).

Respondent further notes that, with respect to Petitioner's claim for relief in this proceeding, in Hicks v. Oklahoma, 447 U.S. 343 (1980), the Supreme Court held that the Due Process Clause is violated when the sentencing court is erroneously deprived of any discretion to sentence a defendant below an erroneously applied statutory mandatory minimum sentence. Id. at 346. Respondent asserts that, here, Petitioner's otherwise applicable Guidelines range was well below the 120-month sentence Petitioner received for his conviction under the Controlled Substances Act. Respondent further states that because the application of that mandatory minimum deprived the Court of discretion to sentence Petitioner to a term of less than 120

months, the 120-month minimum was a violation of the Due Process Clause as established in Hicks. Respondent has, therefore, declined to assert a procedural bar so Petitioner may be resentenced without consideration of the 120-month mandatory minimum sentence applied by this Court in sentencing Petitioner before Simmons was decided.

This Court finds that because Respondent has expressly waived the one-year limitations period, and has requested that this Court re-sentence Petitioner, this Court will grant the motion to vacate as to Petitioner's Simmons claim. Petitioner shall be re-sentenced without application of the 120-month mandatory minimum.

### IV. CONCLUSION

For the reasons stated herein, the Court grants Petitioner's motion to vacate.

**IT IS, HEREBY, ORDERED** that:

(1) Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, (Doc. No. 1), is **GRANTED**;

(2) Petitioner shall be re-sentenced in accordance with this Order.

Signed: August 26, 2013

Frank D. Whitney
Chief United States District Judge